UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HERSHEL TAYLOR, | ) | CV F 03 5225 LJO HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RELIEF FROM JUDGMENT |
| v. | ) | [Doc. #36] |
| | ) | |
| MELVIN HUNTER, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR APPOINTMENT OF |
| Respondent. | ) | COUNSEL |
| | ) | [Doc. #35] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 30, 2004, the undersigned granted Respondent's motion to dismiss the petition and abstained from reviewing the merits of the petition. Judgment was entered on February 11, 2004.

On July 13, 2005, Petitioner filed a motion to vacate judgment pursuant to Rule 60(b) of the Federal Rules of Civil procedure along with a motion for appointment of counsel.

Pursuant to Rule 60(b),

the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been

reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Petitioner fails to meet the standard. Petitioner contends the Court erred in dismissing his case. As authority for this argument, Petitioner cites to McNeely v. Blanas, 336 F.3d 822, 824 fn.1 (9th Cir.2003) and Stow v. Murashige, 389 F.3d 880, 886 (9th Cir.2004). In McNeely, the Ninth Circuit held that jurisdiction under § 2241 was available to a pretrial detainee's allegation of a denial of his speedy trial rights. 336 F.3d at 824. In Stow, the Ninth Circuit held that jurisdiction under § 2241 was available to a pretrial detainee raising a double jeopardy challenge. 389 F.3d at 886. These cases are inapplicable. In Petitioner's case, he challenged the state court's ruling on his demurrer motion. Petitioner's challenge did not involve his speedy trial or double jeopardy rights. As discussed in the order dismissing the petition, the principles set forth in Younger v. Harris, 401 U.S. 37, 43-54 (1971) required absention in this matter.

Petitioner has also requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the Court does not find that the interests of justice would be served by the appointment of counsel. This action was terminated over a year ago and there is no reason to reopen the case.

Accordingly, Petitioner's motion to vacate judgment and his request for appointment of counsel are DENIED.

IT IS SO ORDERED.

**Dated:   July 22, 2005**                                /s/ Lawrence J. O'Neill
b9ed48                                                    UNITED STATES MAGISTRATE JUDGE